In all other respects, I join the majority's opinion.

IN RE: Jeffrey S. JOY, Former Magisterial District Judge, District Court 19-3-04, Nineteenth Judicial District, York County

No. 2 JD 16

Court of Judicial Discipline of Pennsylvania.

Order September 7, 2016

OCTOBER 7, 2016

Honorable Robert A. Graci, Chief Counsel, Judicial Conduct Board.

Francis J. Puskas, II, Deputy Chief Counsel.

Christopher A. Ferro, Esquire.

BEFORE: Honorable Jack A. Panella, P.J., Honorable John J. Soroko, J., Honorable David J, Shrager, J., Honorable David J. Barton, J., Honorable Doris Carson Williams, J., Honorable Jeffrey P. Minehart, J.

## OPINION

OPINION BY JUDGE WILLIAMS

### FACTUAL BACKGROUND

Facing six (6) counts of allegations concerning his conduct, Jeffrey S. Joy, a former magisterial district judge (Respondent) has entered factual stipulations (see C.J.D.R.P. No. 502(d)) with the Judicial Conduct Board (Board) as follows [1]:

---

1. The parties' joint exhibits have been submitted and are of record. Accordingly, they are not appended to this Opinion.

1. Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania grants the Board authority to determine whether there is probable cause to file formal charges, and, when it concludes that probable cause exists, to file formal charges against a justice, judge, or justice of the peace for proscribed conduct and to present the case in support of such charges before the Pennsylvania Court of Judicial Discipline.

2. From January, 2012, until August 7, 2015, the Respondent served continuously as a duly elected Magisterial District Judge for Magisterial District Court 19-3-04 in York County, Nineteenth Judicial District, Pennsylvania, encompassing the Townships of Shrewsbury and Springfield, Boroughs of Glen Rock, Jacobus, Loganville, New Freedom and Railroad.

3. By Administrative Order dated August 7, 2016, York County President Judge Stephen P. Linebaugh removed the Respondent from handling all magisterial district judge duties until further order of the Court.[2]

4. On August 13, 2015, the Board filed a Petition for Interim Suspension With or Without Pay in the Court of Judicial Discipline against the Respondent. By Order dated August 17, 2015, this Court suspended the Respondent without pay.

5. As a duly elected magisterial district judge, Mr. Joy was at all times relevant hereto subject to all the duties and responsibilities imposed on him by the Constitution of the Commonwealth of Pennsylvania and the Rules Governing Standards of Conduct of Magisterial District Judges adopted by the Supreme Court of Pennsylvania.

6. On August 7, 2015, the Pennsylvania State Police, with the approval of the Pennsylvania Office of Attorney General, charged the Respondent with the following criminal offenses:

(1) Official Oppression, 18 Pa.C.S.A. § 5301(1), a misdemeanor of the second degree;

(2) Indecent Assault, 18 Pa.C.S.A. § 3126(a)(1), a misdemeanor of the second degree;

(3) Harassment, 18 Pa.C.S.A. § 2709(a)(4), a misdemeanor of the third degree; and

(4) Harassment, 18 Pa.C.S.A. § 2709(a)(1), a summary offense.

7. On August 12, 2015, the Pennsylvania State Police, with the approval of the Pennsylvania Office of Attorney General, filed the following additional criminal charges against the Respondent:

(1) Bribery in Official and Political Matters, 18 Pa.C.S.A. § 4701(a)(2), a felony of the third degree;

(2) Bribery in Official and Political Matters, 18 Pa.C.S.A. § 4701(a)(3), a felony of the third degree;

(3) Official Oppression, 18 Pa.C.S.A, § 5301(1), a misdemeanor of the second degree;

(4) Harassment, 18 Pa.C.S.A. § 2709(a)(4), a misdemeanor of the third degree; and

(5) Harassment, 18 Pa.C.S.A. § 2709(a)(7), a misdemeanor of the third degree.

8. Following a combined preliminary hearing on both cases held on September 18, 2015, Senior Magisterial District Judge John Zepp held all charges for court.

**2.** This paragraph recites the actual stipulation between the parties. 3 We note, however, that a president judge cannot "remove" a magisterial district judge. Rather, pursuant to Pa.

R.J.A. 605(B)(6) and (B)(7), the magisterial district judge can be administratively assigned to different judicial duties, or no judicial duties, as was the case here.

9. The matters proceeded to the York County Court of Common Pleas.

10. On April 27, 2016, pursuant to a plea agreement, the Respondent pled no contest at *Commonwealth v. Jeffrey S. Joy*, CP-67-CR-0006006-2015, to Count 3, Official Oppression, a misdemeanor of the second degree. The Respondent also plead no contest at *Commonwealth v. Jeffrey S. Joy*, CP-67-CR-0006007-2015, to Count 1, Official Oppression, a misdemeanor of the second degree. The Honorable Lawrence F. Clark, Jr., Senior Judge, sentenced the Respondent in the aggregate to two years' probation, 200 hours of community service, and to pay the cost of prosecution and a fine of $2,000.00. Senior Judge Clark also directed that within 24 hours the Respondent was to tender to the Governor of the Commonwealth, the Chief Justice of the Supreme Court, and the Pennsylvania Secretary of State, an unequivocal, non-revocable, resignation from judicial office which acknowledged that the Respondent would not seek or accept a judicial or law enforcement office in the Commonwealth of Pennsylvania for the duration of his natural life.

11. During the plea and sentencing proceeding on April 27, 2016, the Commonwealth put on the record a factual basis for each plea at each docket as follows:

a. *Commonwealth v. Jeffrey S. Joy*, CP-67-CR-0006006-2015

Okay. On Docket 6006 of 2015, the offense occurred at 28 Berkshire Drive in Shrewsbury Borough, York County, Pennsylvania, and on or about December 1st, 2014, at the date the Defendant did take advantage of his official capacity as a Magisterial District Judge of York County, Pennsylvania, by infringing on the rights of the victim in this case identified as an adult female, A.P.M. are her initials, by demanding that she model items of lingerie clothing at her resident in exchange for vacating her outstanding fines and costs,

b. *Commonwealth v. Jeffrey S. Joy*, CP-67-CR-0006007-2015

Then on 6007 of 2015, at 28 Water Street, Apartment 34 in Glen Rock Borough, York County, Pennsylvania, on or about March 4th, 2015, the Defendant was present at that location and did again take advantage of his official capacity as Magisterial District Judge of York County, Pennsylvania, by subjecting the victim in this case she is identified with the initials M.C. to mistreatment from the—in the form of unwanted sexual contact.

12. In making his plea of no contest, the Respondent acknowledged understanding the factual basis for his plea at docket numbers CP-67-CR-0006006-2015 and CP-67-CR-0006007-2015 and acknowledged that although he was not admitting to those facts, he understood that his plea of no contest would be treated as equivalent to a guilty plea for purposes of sentencing:

THE COURT: Okay. Do you further understand that although you are not admitting to these facts, that a plea of no contest is treated for the purposes of sentencing and the outcome of these cases as a plea of guilty, do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. Do you understand the nature of the allegation against you at Docket 6006, which is Count No. 3, as described by the Commonwealth's attorney, that being a count of misdemeanor graded official oppression, do you understand that charge against you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And to that charge how do you plead?

THE DEFENDANT: No contest.

THE COURT: And, similarly, as to Count No. 1 at Docket 6007, do you understand the basis of that plea or that allegation against you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And to that charge how do you plead?

THE DEFENDANT: No contest.

13. By letter dated April 28, 2016, the Respondent gave notice to Governor Tom Wolf and Chief Justice Thomas Saylor that he was resigning as magisterial district judge effective immediately and would not seek any judicial or law enforcement office in the Commonwealth of Pennsylvania. This letter was also provided to the Pennsylvania Secretary of State, Pedro A. Cortes.

14, The Respondent's criminal convictions have become final and he has filed no appeal.

### DISCUSSION

■ In the Complaint filed by the Board, Respondent Joy stands accused of six (6) separate counts of misconduct. Count 1 alleges he violated Rule 2.4(B) of the Rules Governing Standards of Conduct of Magisterial District Judges which provides:

A magisterial district judge shall not permit family, social, political, financial, or other interests or relationships to influence the magisterial district judge's judicial conduct or judgement.

The stipulations clearly prove a violation of Rule 2.4(B),

Respondent's self-aggrandizing actions in demanding licentious conduct from those appearing before him is an improper interest or relationship prohibited by this Rule.

### Count 2

■ Count 2 recites that Respondent violated Rule 3.9(A)(1) of the Rules Governing Standards of Conduct of Magisterial District Judges which provides:

Magisterial district judges and all employees assigned to or appointed by magisterial district judges shall not engage, directly or indirectly, in any activity or act incompatible with the expeditious, proper and impartial discharge of their duties, including, but not limited to, (1) an activity prohibited by law.

Again, the stipulations show a clear violation. Respondent's illegal acts unquestionably violate Rule 3.9(A)(1).

### Count 3

■ Count 3 alleges a violation of Rule 1.2 of the Rules Governing Standards of Conduct of Magisterial District Judges which states:

A magisterial district judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

Based on his violations of Counts 1 and 2 as well as the conduct recited in the stipulations, Respondent has violated Rule 1.2 as well.

### Count 4

■ Count 4 alleges a violation of Rule 1.1 of the Rules Governing Standards of Conduct of Magisterial District Judges which states:

A magisterial district judge shall comply with the law, including the Rules Governing Standards of Conduct of Magisterial District Judges.

The other Rule violations discussed herein as well as the criminal convictions establish a violation of Rule 1.1.

## Count 5

■ Count 5 alleges a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution by engaging in conduct "in violation of a Canon or Rule prescribed by the Supreme Court."

The multiple rule violations described herein and the criminal convictions again establish a clear violation.

## Count 6

■ Count 6 alleges a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution by engaging in conduct which "brings the judicial office into disrepute, whether or not the conduct occurred while acting in a judicial capacity or is prohibited by law."

The criminal convictions of Respondent coupled with the conduct described in the stipulations unquestionably bring the judiciary into disrepute.

## CONCLUSIONS OF LAW

1. Respondent Joy's conduct as stipulated is:

(a) a violation of Rule 2.4(B) of the Rules Governing Conduct of Magisterial District Judges;

(b) a violation of Rule 3.9(A)(1) of the Rules Governing Standards of Magisterial District Judges;

(c) a violation of Rule 1.2 of the Rules Governing Standards of Magisterial District Judges

(d) a violation of Rule 1.1 of the Rules Governing Standards of Magisterial District Judges; and

(e) such conduct that violates Article V, § 18(d)(1) of the Constitution of Pennsylvania by being In violation of a canon or rule prescribed by the Supreme Court;

(f) such conduct that violates Article V, § 18(d)(1) of the Constitution of Pennsylvania by bringing the judicial office into disrepute.

## ORDER OF COURT

PER CURIAM

AND NOW, this 7th day of September, 2016, based upon the Conclusions of Law, it is hereby ORDERED:

1. Pursuant to C.J.D.R.P. No. 503, the attached Opinion is hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

2. Either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

3. In the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument, and

4. In the event objections are not filed, within the time set forth above, the Findings of Fact and Conclusions of Law shall become final, and this Court will conduct a hearing on the issue of sanctions.